IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ANTONIO ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 117-051 |
| | ) |
| HOMER BRYSON, GDC Commissioner, | ) |
| and WARDEN WILKES, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Plaintiff, currently incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, brings the above-captioned case pursuant to 42 U.S.C. § 1983. On May 1, 2017, the Court granted Plaintiff permission to proceed *in forma pauperis* ("IFP") conditioned on his return of a Prisoner Trust Fund Account Statement and Consent to Collection of Fees form. (See doc. no. 4.) Plaintiff has returned his Consent to Collection of Fees form, but there has been some difficulty in coordination between prison officials and Plaintiff concerning the Trust Fund Account Statement. (See doc. no. 9, p. 2.) This delay in returning the required forms has prevented the Court from screening the complaint to protect potential defendants, as is required because Plaintiff is proceeding IFP. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

Rather than delay the case any further awaiting gainful cooperation between Plaintiff and officials at the prison where one of the defendants works, the Court will proceed based on the financial information that can be gleaned from the existing record. (See doc. no. 2-1.) The Court notes, however, should there be a continued pattern of problems in coordinating the production of required financial information between prisoner plaintiffs at ASMP and prison officials, the Court will not hesitate to convene a hearing requiring the personal attendance of the Warden to resolve the matter.

The Court also notes Plaintiff has filed a notice of appeal of the Court's rulings denying two requests for appointed counsel. (Doc. no. 16.) Although filing a notice of appeal generally deprives a district court of jurisdiction over the issues involved in an appeal, "a notice of appeal filed with respect to a non-appealable order does not have any effect on the district court's jurisdiction." United States v. Riolo, 398 F. App'x 568, 571 (11th Cir. 2010) (citing United States v. Hitchmon, 602 F.2d 689, 694 (5th Cir. 1979)[1](*en banc*)). The denial of a request for appointment of counsel is not interlocutorily appealable. Bailey v. EMS Ventures, Inc., 495 F. App'x 986, 988 (11th Cir. 2012). Therefore, Plaintiff's appeal to the Eleventh Circuit does not divest this Court of jurisdiction to address other pending matters in this case.

## I. ASSESSMENT OF INITIAL FILING FEE

Plaintiff has furnished a certified copy of his trust fund account statement for all but the approximately two and one half months prior to filing the complaint and has consented to

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down

the collection in installments of the $350.00 filing fee and any Court costs from his prison trust account. Based on the information furnished by Plaintiff, the Court has determined that he has insufficient funds to pay any initial filing fee.

**IT IS ORDERED** that Plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits to Plaintiff's trust account and forward those funds to the Clerk each time the set aside amount exceeds $10.00 until the $350.00 filing fee has been paid in full.

**IT IS FURTHER ORDERED** that all payments shall be designated as made in payment of the filing fee for Civil Action No. 117-051. In the event Plaintiff is transferred to another institution, Plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to Plaintiff's new custodian. The balance due from Plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

The Clerk of Court is **DIRECTED** to serve this Order on Plaintiff and Plaintiff's custodian (warden).

## II. DISCOVERY MOTIONS

Plaintiff has filed two discovery motions seeking responses to interrogatories, (doc. no. 11), and production of documents, (doc. no. 13). As explained above, this case has been delayed because of difficulties with the timely submission of the requisite papers for proceeding IFP. As a result, Plaintiff's claims have not been screened in accordance with the

---

prior to the close of business on September 30, 1981.

IFP statute. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Thus, no Defendant has been served with a copy of the complaint, much less been required to file an answer, and the Clerk of Court has yet to file a Scheduling Notice setting deadlines in the case, including the time limits for the discovery period. Accordingly, Plaintiff's discovery requests are premature, and the Court **DENIES** Plaintiff's motions. (Doc. nos. 11, 13.)

Additionally, even if Plaintiff's discovery requests were not premature, his motions would not be properly before the Court. If the Court were to direct service of process and require a response from any Defendant, and once an answer had been filed, Plaintiff could obtain facts and information about the case from Defendants by initiating discovery under the Federal Rules of Civil Procedure and directing his requests for information to Defendants, not to the Court. Stated otherwise, his discovery requests, as well as any motions regarding discovery disputes, would have to be filed in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery); see also Loc. R. 26.5.

SO ORDERED this 7th day of July, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA