IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ANTONIO ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 117-051 |
| | ) |
| HOMER BRYSON, GDC Commissioner, | ) |
| and WARDEN WILKES, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Augusta State Medical Prison in Grovetown, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006). The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  After a

review of Plaintiff's complaint and prior history of case filings, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice, and the motions for default and for a permanent injunction, (doc. nos. 10, 12), be **DENIED AS MOOT**.

## I.  BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Id. at 721-27.

To that end, the "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose:  (1) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (2) whether they have brought any federal lawsuits while incarcerated or

2

detained in any facility dealing with facts other than those in the current case, (3) the disposition of any such lawsuits, and (4) whether they were allowed to proceed IFP in any such lawsuits. (Doc. no. 1, pp. 1-3.) Under the question concerning whether a prisoner plaintiff has brought any lawsuits dealing with facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the court hearing the case, the date of filing and disposition, and whether he was allowed to proceed IFP. (Id. at 1-2.) If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 2.)

## II.     DISCUSSION

### A.     Dishonesty in the Complaint

Here, under penalty of perjury, Plaintiff identified one prior case he filed dealing with the facts other than those in this action. (Id. at 2 (disclosing Robinson v. Doe, No. 1:02-cv-027 (S.D. Ga. Feb. 25, 2002).) However, the Court is aware of a second case Plaintiff filed which he failed to disclose. Robinson v. Thorpe, No. 5:06-cv-0191 (M.D. Ga. June 5, 2006).

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013)

(affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by*, Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006). As discussed above, Plaintiff's answer about filing other federal lawsuits was blatantly dishonest, and this case should be dismissed without prejudice as a sanction for the dishonesty.

### B. Failure to Exhaust Administrative Remedies

Even if this case were not due to be dismissed as a sanction for providing dishonest information, Plaintiff's complaint should be dismissed because of his failure to exhaust administrative remedies. Section 1997e(a) of the Prison Litigation Reform Act ("PLRA")

4

provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Dismissal for failure to state a claim is appropriate if it is clear from the face of a complaint that the plaintiff failed to exhaust administrative remedies.  See Jones v. Bock, 549 U.S. 199, 215 (2007); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011); Solliday v. Federal Officers, 413 F. App'x 206, 208 (11th Cir. 2011); Anderson v. Donald, 261 F. App'x 254, 256 (11th Cir. 2008).  The PLRA's mandatory exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences."  Porter v. Nussle, 534 U.S. 516, 520 (2002).  Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate.  See Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012); Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998).

Furthermore, the PLRA also "requires proper exhaustion."  Woodford v. Ngo, 548 U.S. 81, 93 (2006).  In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way.  Id. at 90 (internal quotation omitted).  If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims.  Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit.  Poole v. Rich, 312 F. App'x 165, 166 (11th Cir. 2008); see

also Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000).[1]  Finally, under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326.  Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156.

The administrative grievance procedure applicable in this case is governed by the Department of Corrections' Standard Operating Procedure ("SOP") IIB05-0001.  The administrative remedies procedure commences with the filing of a grievance with the inmate's counselor.  SOP IIB05-0001, § VI(D)(1)-(3).  The counselor then gives the grievance to the grievance coordinator, who screens it to determine whether to accept it or recommend that the warden reject it.  Id. § VI(D)(3), (5).  Whether the warden accepts or rejects the grievance, he has forty calendar days from the date the inmate gave the form to his counselor to deliver a decision, with allowance for a one-time ten-calendar day extension. Id. § VI(D)(6)-(7).  The inmate may appeal to the Central Office if the grievance coordinator rejects the grievance, he receives the Warden's decision on the grievance that was accepted for processing, or the time allowed for the warden to provide a decision has expired.  Id. § VI(E).  A decision on the appeal must be given to the inmate within 100 calendar days of receipt of the appeal.  Id.

---

[1] Other federal circuits have similarly held that the PLRA does not allow a plaintiff to exhaust administrative remedies while his case is pending.  See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 537-38 (7th Cir. 1999).

Here, Plaintiff acknowledges there is a grievance procedure, but he chose to file his lawsuit prior to completing the process. (Doc. no. 1, pp. 3-4.) Plaintiff admits he was awaiting a response from the Warden at the time he filed his lawsuit, and Plaintiff stated if the Warden's response was not satisfactory, he would then commence the appeal process. Thus, Plaintiff did not exhaust the grievance procedure. (Id.)

To properly exhaust, Plaintiff must use all steps of the available exhaustion procedure. Woodford, 548 U.S. at 93. Additionally, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, Plaintiff must complete the entire administrative grievance procedure *before* initiating a lawsuit. Higginbottom, 223 F.3d at 1261. It is plain from the face of Plaintiff's complaint, indeed he concedes, that he failed to complete the grievance process prior to commencing this case. (Doc. no. 1, pp. 3-4.) Therefore, the complaint fails to state a claim upon which relief can be granted. See Solliday, 413 F. App'x at 208 ("A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.").

### C.   Motions for Default and Injunctive Relief

Although both of Plaintiff's remaining motions are due to be denied as moot because of the recommendation for dismissal, there is also no merit to Plaintiff's requests for default or injunctive relief.

#### 1.   "Motion By Default"

By its terms, Federal Rule of Civil Procedure 55 contemplates two steps before entry of a default judgment. First, the party seeking a default must have the Clerk enter the default by submitting an "affidavit or otherwise" showing that the defaulting party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Thereafter, the moving party may then

7

seek entry of a default judgment under Rule 55(b). Under Rule 55(b)(1), the Clerk is directed to enter a default judgment upon request of the plaintiff when all of the following conditions are present: (1) the claim is for a sum certain, or for a sum that can by computation be made certain, which is supported with an affidavit showing the amount due; (2) the default is for want of appearance; and (3) the defendant is neither an infant nor an incompetent person.

This is Plaintiff's first filing regarding default, and therefore by definition, he is not entitled to the "Civ. R. 55(b) Default" he seeks. (Doc. no. 10.) Moreover, a default judgment is available under Fed. R. Civ. P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules. However, a defendant is not required to file a pleading or otherwise defend himself unless and until he is properly served. Varnes v. Local 91, Glass Bottle Blowers Ass'n of the United States and Canada, 674 F.2d 1365, 1369-70 (11th Cir. 1982) (prohibiting entry of default on amended complaint that was not properly served). Plaintiff's complaint had not been screened at the time he filed his motion, let alone service of process ordered. Thus, no Defendant has been under any obligation to file a response to the complaint, and a default judgment is not warranted.

### 2. "Permanent Injunction" Motion

In Plaintiff's two-page motion, citing no case law, he requests the Court "order a permanent injunction order" [sic] to change his conditions of confinement. (Doc. no. 12, p. 1.) However, he then goes on to say he has actually been moved to a different housing area without the problems of which he originally complained, but other inmates have reported to him that conditions remain poor in the housing area where Plaintiff no longer resides. (Id. at 2.)

A party moving for injunctive relief must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not disserve the public interest McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Plaintiff cannot satisfy even the first requisite of showing a substantial likelihood of prevailing on the merits. As explained above, the entirety of Plaintiff's case is due to be dismissed. Service of process has never been ordered, no Defendant has been required to appear, and no discovery has ever been exchanged. Moreover, the motion for an injunction contains no factual details about the "horrendous living conditions" which Plaintiff claims need to be changed. There is simply insufficient information in the record to satisfy the first prong.

Second, Plaintiff has failed to establish that there is a substantial threat he will suffer irreparable injury if the injunction is not granted. In order to satisfy the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (citation omitted); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (noting that, in order to obtain injunctive

relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury."). As explained above, Plaintiff offers only unsubstantiated allegations about conditions in which in which he apparently no longer lives. Plaintiff offers nothing in the way of specific information about his circumstances such that the Court could find he would suffer irreparable injury if the injunction is not granted.

In sum, failure to satisfy any one of the four prerequisites for injunctive relief is fatal to Plaintiff's motion. See Jefferson Cty., 720 F. 2d at 1519. As discussed above, Plaintiff's conclusory assertions about circumstances in which he apparently no longer lives do not satisfy the first two prongs required for injunctive relief. Thus, he is not entitled to the relief he seeks. Moreover, Plaintiff has not offered *any* information about the third and fourth prongs, let alone shown he can satisfy those requirements. Therefore, the motion is without merit.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice, and the motions for default and injunctive relief, (doc. nos. 10, 12), be **DENIED AS MOOT**.

SO REPORTED and RECOMMENDED this 7th day of July, 2017, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA